UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHATASIA C. BUCKNER, | : | CIVIL ACTION NO. 3:24-cv-659 |
| Plaintiff, | : | (JUDGE MANNION) |
| v. | : | |
| COMMONWEALTH OF PENNSYLVANIA, et al., | : | FILED SCRANTON |
| | : | OCT 1 5 2024 |
| Defendants. | : | Per JKC DEPUTY CLERK |

### ORDER

Presently before the court in this *pro se* civil rights law suit is the September 17, 2024, report and recommendation of Magistrate Judge Susan E. Schwab. (Doc. 13). Judge Schwab conducted the legally required screening review of Plaintiff's second amended complaint (Doc. 11) and recommends that it be dismissed with prejudice for failure to state a claim. No objections to this report have been filed and the time within which they were due has lapsed.

Where no objection is made to a report and recommendation, the court should as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp.2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges

should give some review to every report and recommendation)). In any event, whether timely objections are made or not, the district court may accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Since the report correctly states the procedural and factual background of this case, (Doc. 13, pp. 1-4), it will not be repeated herein. In short this is a civil rights lawsuit against (1) the Commonwealth of Pennsylvania ("Commonwealth"); (2) "the City of Luzerne County"; (3) the Ashley Borough Police Department ("Police Department"); (4) Plaintiff's mother Chanel Buckner ("Chanel"); and (5) the father of Plaintiff's children Russell King ("King") regarding a custody dispute over Plaintiff's children. Plaintiff seeks the reversal of a custody order from the Luzerne County Family Court and "$18,200,000 in punitive, psychological, and general damages." (Doc. 11, p. 4).

District courts have an on-going statutory obligation to preliminarily review a *pro se* complaint to determine whether any claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B)(ii). This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a

- 2 -

complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

In determining whether a complaint states a claim for relief, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

When reviewing a *pro se* complaint, the court must also construe such complaints liberally "so 'as to do substantial justice.'" *Alston v. Parker*, 363 F. 3d 229, 234 (3d Cir. 2004) (quoting R. Civ. P. 8(f)). The court must apply the relevant law even if the *pro se* plaintiff does not mention it by name. *Dluhos v. Strasberg*, 321 F. 3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F. 3d 683, 688 (3d Cir. 2002)). Nonetheless, when viewed under this standard, Plaintiff's second amended complaint still fails to state a claim upon which relief may be granted.

Judge Schwab liberally construes Plaintiff's second amended complaint as bringing federal claims under §1983 but finds that Defendants cannot be sued under §1983. First Eleventh Amendment Sovereign Immunity bars suits against the Commonwealth in federal court. *See Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("Pennsylvania has not waived its sovereign immunity defense in federal court."). Second the "City of Luzerne County" does not exist and to the extent Plaintiff meant to refer to Luzerne County or Luzerne Borough she does not allege a custom or policy that would impose liability on either entity. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 245 (3d Cir. 2006) (citing *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690 (1978)) (A municipality may be held liable for the conduct of an individual employee or officer only when that conduct implements an official policy or practice.). Third police departments are not proper Defendants in §1983 lawsuits. *See Johnson v. City of Erie*, Pa., 834 F. Supp. 873, 878–79 (W.D. Pa. 1993) (Although local governments are subject to suit under §1983—a police department, as a sub-unit of the local government, is merely a vehicle through which the municipality fulfills its policing functions.). To the extent Plaintiff meant to sue Ashley Borough she also does not allege a custom or policy that would impose liability on it. Fourth and finally, Chanel and King

are not state actors and Plaintiff has not alleged facts that raise a reasonable inference either acted under color of state law. *See Groman v. Township of Manalapan,* 47 F.3d 628, 633, 638 (3d Cir. 1995) (To assert a *prima facie* case under §1983, a plaintiff must demonstrate a violation of their federal rights by someone acting under color of state law.). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted.[1]

Judge Schwab further recommends that the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims to the extent she brings any. The Third Circuit has held that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco,* 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 788 (3d Cir. 1995)). There is nothing unique about this case such that the above considerations provide an affirmative justification for exercising

---

[1] Additionally, it is unclear whether Plaintiff's state custody proceedings are ongoing but to the extent they are this court will not intervene under the *Younger* abstention doctrine. *See Kendal v Russell,* 572 F.3d 126, 130 (3d Cir. 2009) (citing *Younger v. Harris,* 401 U.S. 37, 41 (1971)) ("Younger abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding.").

supplemental jurisdiction over Plaintiff's pendent state law claims, if she even intends to bring any. Accordingly, the court will also decline to exercise supplemental jurisdiction over any state-law claims Plaintiff may have intended to bring here.

Although Judge Schwab recognized that *pro se* plaintiffs should generally be permitted to amend their complaints, see *Fletcher-Hardee Corp. v. Pote Concrete Contractors*, 482 F. 3d 247, 253 (3d Cir. 2007), she found that leave to amend here would be futile. Specifically, Judge Schwab found that giving Plaintiff leave to file a third amended complaint would be futile because she was previously given two chances to amend her complaint and has still failed to state a claim against any Defendant. Moreover, when the court dismissed her last complaint Plaintiff was explicitly not given leave file an amended complaint against the Commonwealth because of Eleventh Amendment Sovereign Immunity. (Doc. 9 p. 12). Nonetheless, she brought the same claim in her second amended complaint. Thus, the court agrees with Judge Schwab's sound reasoning and will accordingly dismiss the Plaintiff's second amended complaint with prejudice.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

(1) The report and recommendation of Judge Schwab (Doc. 13) is **ADOPTED IN ITS ENTIRETY** as the decision of the court.

(2) Plaintiff's seconded amended complaint (Doc. 11) is **DISMISSED** with prejudice.

(3) The Clerk of Court is directed to **CLOSE** this case.

_____
MALACHY E. MANNION
United States District Judge

**DATE: October 15, 2024**
24-659-01